Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK  99501
Phone: (907) 279-3581
Fax:   (907) 277-1331
cld@delaneywiles.com

Attorneys for Defendant, KAI USA Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MITCHELL SEAVEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KAI, USA LTD, d/b/a KERSHAW )<br>KNIFE COMPANY; SPORTSMAN'S )<br>WAREHOUSE, INC., )<br>)<br>Defendants. )<br>) | Case No. 4:12-cv-00001 (RRB) |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO LIMIT OR EXCLUDE OPINIONS BY PLAINTIFF'S EXPERT, J.P. PURSWELL**

**INTRODUCTION**

Defendants, KAI, dba Kershaw and Sportsmans Warehouse move *in limine* to exclude plaintiffs' expert, J.P. Purswell, from providing any expert opinion or alternatively, to limit his opinions.  The motion is based on Federal Rule of Evidence 702. In summary, the motion should be granted because: 1) Purswell's opinions do not meet the standard of reliability under FRE 702, since they are factually unsupported and are bereft of any

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell          Page 1 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 1 of 16

indication they are based on reliable and accepted tests, data, scientific methods or theories; 2) the plaintiff and his attorney should be prohibited from demonstrating what the expert failed to opine on and reliably support with data, tests, procedures or methods; 3) because Purswell failed to exclude other causes of Seavey's accident his testimony must be excluded as not relevant.  Defendants request the court grant the motion and either exclude Purswell's opinions in their entirety or prohibit him from testifying to opinions that are unreliable.

## FACTUAL BACKGROUND

In this products liability case plaintiff claims that a folding knife, manufactured by KAI, dba Kershaw, and allegedly sold by Sportsman's Warehouse was defective, either because the release mechanism is on the spine of the knife handle, the knife itself has an anomaly, or due to a defective warning.  The case is set for trial June 2, 2014.  Plaintiff retained an expert witness, engineer J.P. Purswell.  The actual knife that is the subject of this complaint was sent to Purswell for inspection and evaluation.

Surprisingly, although Purswell inspected the knife, he failed to conduct any testing of the knife that would quantify

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell                Page 2 of 16
*Seavey v. KAI USA Ltd., et al./*Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 2 of 16

what amount of force is required to release the blade.[1]  Purswell concluded that the knife was defective because it was designed with the release mechanism on the spine of the handle, opining that the "release on the subject knife which causes the extended blade to fold back into the handle can be activated simply by gripping the knife in a certain way."[2]  Significantly, however, Purswell did not identify or provide any opinion on what type of grip would cause the knife to release.

Purswell then compared the Kershaw knife with a different manufacture's knife, an HDX knife.  The HDX contains a latch mechanism and Purswell opined that releasing the blade produced an audible click, in contrast to the Kershaw knife.  Purswell concluded his report by including two reports from the National Electronic Injury Surveillance System, which reported two persons who were injured while closing a folding knife.  Neither of those reports mentioned or alluded to a defectively designed release mechanism on a folding knife.[3]

Although Seavey was interviewed by an Anchorage Daily News Reporter, Kyle Hopkins, and asked to demonstrate how the accident occurred, and although Seavey demonstrated by placing his thumb squarely on the release mechanism while exerting force

---

[1] See Exhibit C, attached to Defendants' Motion to Compel dated March 5, at Dkt. 54.
[2] *Id.* at pg. 2.
[3] *Id.*

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell                Page 3 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)

on the dull side of the blade, which would cause the knife to fold if released on his finger, Purswell failed to exclude Seavey's negligence as the proximate cause of the accident. Similarly, although it is critical that the knife be locked into place prior to using it, Purswell failed to exclude as a cause that Seavey did not have the knife locked in place.[4]

**ARGUMENT**

### I. Under FRE 702 and 703, in Order for Expert Testimony to be Admissible It Must be Reliable and Relevant.

Federal Rule of Civil Procedure 26(a)(2) regarding mandatory expert disclosures has a specific purpose:

> The purpose of the expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial.[5]

In 2000, the U.S. Supreme Court approved amendments to FRCP 702 that conformed to its decision in *Daubert v. Merrell Dow Pharmaceuticals* case.[6] Currently, FRE 702 requires, before admission of expert testimony: (1) that the proffered testimony must assist the trier of fact to understand the evidence or to determine a fact in issue, (2) the witness must be qualified as an expert by knowledge, skill, experience, training or

---

[4] *Id.*
[5] *Cook v. Rockwell International Corporation*, 580 F.S.2d 1071, 1122 (Dist. Colo. 2006).
[6] *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993).

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell        Page 4 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 4 of 16

education, (3) the proffered testimony must be based on sufficient facts or data, the product of reliable principles and methods, and the product of the reliable application of these principles and methods to the facts of the case.

The District Court has a gatekeeper function under Rule 702 that requires a two part inquiry by the court. First, the court must determine if the expert's proffered testimony has a reliable basis in the knowledge and experience of his discipline. This requires a preliminary inquiry into the expert's qualification and whether the reasoning or methodology underlying the testimony is reliable under Rule 702.[7] Second, the court must consider whether the testimony is sufficiently relevant.[8]

Included in the reliability requirement of Rule 702 is the requirement that the court determine if the expert's methodology is sufficiently reliable for his testimony to be admitted, and requires examination of whether the testimony is based on sufficient facts or data. This inquiry is a quantitative rather than qualitative standard.[9]

---

[7] Since Purswell's deposition was not taken, defendants do not waive a finding that he is qualified to be an expert and reserve the issue for trial.
[8] *Clausen v. M/V. New Carissa*, 339 F.3d 1049, 1055-56 (2003).
[9] *Id.*; Cook 580 F.S.2d at 1085.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell          Page 5 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 5 of 16

The second prong of reliability requires the court to determine whether the expert used reliable principles and methodologies in reaching his opinion. This involves a variety of factors, including whether the method can be tested in an objective sense, its known or potential rate of error, any peer review or publication and its general acceptance in the scientific community.[10]

The third component of the reliability inquiry assumes the witness used reliable principles and methods in forming his opinions and focuses on whether the witness applied these principles and methods reliably to the facts of the case.[11]

The requirements of Evidence Rule 702 apply both to scientists and to other non-scientist experts, including engineers.[12]

In *Kuhmo Tire v. Carmichael*, the U.S. Supreme Court held that the district court did not abuse its discretion in excluding an engineer's testimony as to the cause of a tire failure.[13] The expert's qualifications and methodology were not challenged, but based on the particular facts of that case, the engineer could not exclude other causes for tire failure, which

---

[10] *Id.* at pg. 1085; *Clausen*, 339 F.2d at 1056.
[11] *Id.* at pg. 1086; *Clausen*, 339 F.2d at 1056-57.
[12] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142, 147 (1999); *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1191-92 (9th Cir. 2007).
[13] *Kumho*, 526 U.S. at 142.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell    Page 6 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 6 of 16

was the cause of the accident. The court found "the relevant issue was whether the expert could reliably determine the cause of this tire separation."[14] This was particularly so since the expert conceded that the tire showed signs of wear. If the tire showed signs of wear, the expert did not adequately exclude wear as the cause for the tire failure as opposed to design defect. In addition, the court found that the engineer's deposition testimony cast doubt not only on the reliability of his explicit theory, which was that he needed to see two of four signs of abuse in order to conclude design defect, but also unreliability about the implicit proposition in the case, *i.e.*, about the significance of his method of drawing a conclusion, which was based only on a visual inspection of the tires.[15]

Thus, a significant fact to be considered in determining reliability is whether an expert proposes to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying.[16] If the expert's opinion was based on research conducted that was expressly for the purpose of testifying and not subjected to normal scientific scrutiny through peer review and publication,

---

[14] *Kumho*, 526 U.S. at 154.
[15] *Id.* at 154.
[16] *Clausen*, 339 F.3d at 1056 (9th Cir. 2003).

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell    Page 7 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 7 of 16

scientific testimony may still be reliable to be admissible if there is a basis for determining how the expert reached their conclusions and they can point to an objective source to show they followed the scientific method.[17] When an expert provides opinions that lack underlying factual support they constitute unsupported speculation.[18]

The district court's gatekeeper determination of the admissibility of expert testimony is reviewed under an abuse of discretion standard. A district court abuses its discretion when it applies an incorrect legal standard, or when it applies the correct legal standard, but does so in a manner that is illogical, implausible, or without support in the record.[19]

**II. The Court Should Exclude Purswell's Opinions Since They Are Unreliable.**

In the instant case, Purswell's opinion that the knife will release with a certain grip fails to establish the second requirement of FRE 702, that the opinion is the product of reliable principles and methods.

Purswell opined that the design of the knife itself, with the release on the spine, is defective. He does not claim there is something anomalous about the knife, but instead claims that

---

[17] *Clausen*, 339 F.3d at 1056-57.
[18] *Plush Lounge Las Vegas, LLC v. Hotspur Resorts Nevada, Inc.*, 371 Fed.Appx 719, 720 (9th Cir. 2010).
[19] *Id.* at 720.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell    Page 8 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 8 of 16

the design is defective.  His opinion is based on the premise that the knife releases by gripping it in a certain way, making it essential that Purswell opine and identify the type of grip that would cause the knife to release and how he determined that this type of grip would cause the knife to release, as well as the methodology or treatise he relied on to reach his conclusion.  Purswell fails to identify the type of grip, fails to identify the methodology he employed to make this determination, or what this statement is based upon.  There is no evidence, data, testing, or description of methodology, nor are there any studies to support Purswell's opinions.  As such, the court should exclude Purswell's statement that the knife can release with a certain type of grip and as well as his conclusion that the knife is thus defective.  Additionally, since Purswell did not identify the type of grip, he should be prohibited from identifying it now or at trial.

While defendants acknowledge that FRE 702 favors admissibility of expert testimony, when, as is the case here, an opinion is completely lacking in factual support, and the methodology used to conclude that the knife would release with a certain grip is absent, or even identify the type of grip, the testimony should be excluded.  Purswell's bare claim that the knife will release with a certain grip, standing alone, does not

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell        Page 9 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 9 of 16

permit the defendants to prepare for trial, since there is no way to determine what to defend against, how Purswell came to this conclusion, whether he tested the conclusion using reliable methods and if so, what testing methods were employed by him. Thus, the opinion cannot be replicated by the defendants to determine if it can be attacked or if it is supportable.

In addition, Purswell's opinion also fails to meet the third requirement of FRE 702 since he fails to establish that he has applied the principles and methods reliably.[20] Purswell's report contains no indication of how he reached his opinion that the knife was defective and would release with a certain grip. It also does not state if he applied either accepted research in the field, or that he developed his own method of making such a determination, which would be accepted by others in the same field or if he employed the scientific method in so doing. As such, his opinions should be excluded.

In addition to the deficiencies in Purswell's report mentioned above, Purswell also opines that the manufacturer and retailer could have and should have anticipated that a folding knife with a gut hook would be used with significant force applied to the side of the knife blade opposite the main blade.[21] Purswell's bare allegation lacks foundation since it is without

---

[20] *Clausen,* 339 F.3d at 1056-57.
[21] Exhibit C to Defendants' Motion to Compel at Dkt. 54, pg. 2.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell          Page 10 of 16
*Seavey v. KAI USA Ltd., et al./*Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 10 of 16

factual support. It is thus unsupported speculation and unreliable.[22] Mr. Purswell does not give any indication of how he came to this conclusion or the methodology used to reach this conclusion. He provides no facts or data to support the claim. The claim should be excluded on this basis.[23]

Purswell's testimony that the retailer and the manufacturer should have anticipated how a user would use the knife is also not a proper subject of expert testimony in the absence of specific peer reviewed studies, data or some specific factual support from making this claim. Such a claim does not meet the requirements of FRE 702(a) since without a reliable basis to support it, it will not help the trier of fact to understand the evidence.

Moreover, this conclusion is disputed and is one that is within the province of a lay person's perceptions. Thus, it should not be the subject of expert opinion testimony. Since Purswell proffers the claim as an expert he is not permitted to provide a lay opinion.[24] Accordingly, the court should grant the motion and prohibit Purswell from opining what a manufacturer or a retailer could have and should have anticipated with respect to use of the folding knife with the gut hook.

---

[22] *Plus Lounge Las Vegas, LLC*, 371 Fed.Appx. at 720.
[23] *Clausen*, 339 F.3d at 1055-56.
[24] FRE 701.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell      Page 11 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 11 of 16

### III. Counsel Should Not Be Permitted to Demonstrate What the Expert Failed to Establish with Expert Testimony.

As set out above, Purswell's opinion fails to meet the reliability or the relevance prong of FRE 702. Thus, Purswell should not be permitted to testify that the knife will release with a certain grip, or that what type of grip will cause the knife to release, or testify to what a manufacturer or retailer could have or should have anticipated regarding use of the knife. For the same reasons, plaintiff and his counsel should not be able to present this testimony by providing their own demonstration.

Seavey has already testified that he does not know what is defective about the knife except that it released and cut his finger.[25] Thus, he cannot say whether the knife released because he put his thumb squarely on the release while applying force in the direction that would cause the knife to release on his finger, or if it was firmly locked in place when he used it, although his YouTube demonstration suggests it released because his thumb was squarely on the release mechanism while he exerted force on it. Plaintiff's attorney is an advocate and should be prohibited from testifying via a demonstration to opinions and conclusions that Purswell should have identified, i.e. the

---

[25] See Exhibit D, Deposition Mitchell Seavey, 212:17-213:25; 220:17-221:20, attached to Defendants' memorandum in support of motion to compel, Dkt. 54.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell    Page 12 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 12 of 16

claimed grip, and should have supported with facts, data and reliable methodology. Thus, plaintiff and counsel should be ordered not to attempt to demonstrate with the knife the type of grip that could cause it to release.[26]

### IV. Purswell's Testimony Should Be Excluded in Its Entirety Since He Does Not Exclude Other Causes of the Knife Release.

Expert opinions must express a reasonable degree of certainty that the conclusion of the expert is more likely than not the proximate cause of the accident.[27] If an expert utterly fails to consider alternative causes, or fails to offer an explanation for why the proffered alternative cause was not the sole cause, a district court is justified in excluding the expert's testimony.[28] A court is justified in excluding evidence if an expert utterly fails to offer an explanation for why the proffered alternative cause was ruled out.[29] The testimony is not relevant without excluding other causes of the accident, since it does not have a tendency to make a fact more or less probable than it would be without the evidence.[30] In addition,

---

[26] Plaintiff's counsel did engage in such a demonstration at the deposition of the KAI designee, Timothy Galyean. See Exh. D to Defendant's motion to compel production of the knife, Dkt. No. 55, pgs. 1-10.
[27] *McKie v Trucker's Express, Inc.,* 2003 WL 26096228, *5 (Dist. S.C. 2003).
[28] *Clausen*, 339 F.3d at 1058; *McKie* 2003 WL 26096228, *5 (Dist. S.C. 2003).
[29] *Clausen*, 339 F.3d at 1058.
[30] FRE 402.

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell  Page 13 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)

the expert must provide reasons for rejecting alternative hypotheses, using scientific methods and procedures and the elimination of hypotheses or alternative theories of causation must be founded on more than subjective beliefs or unsupported speculation.[31]

In the instant case, there is no dispute that Seavey cut his finger severely on the folding knife. However, the cause of the accident is directly at issue. Seavey's own demonstration shows him putting his finger squarely on the release mechanism. Purswell fails completely to deal with Seavey's negligence as the sole proximate cause of the accident. Additionally, Purswell fails completely to exclude Seavey's failure to insure that the knife was locked into place prior to using it. Because causation is central to plaintiff proving his case as well as the defendant's defense to a claim of negligence, breach of warranty, or strict products liability, Purswell was required, in order to have his opinion that the knife was defective, exclude these causes and provide a reliable basis to determine how he came to these conclusions. To do so would require him to either have subjected his theories to scientific testing or establish with peer reviewed literature or data or application

---

[31] *Id.*

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell           Page 14 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 14 of 16

of the scientific method that his conclusion was correct.  His failure to do so requires exclusion of his testimony.

## CONCLUSION

In conclusion, the Court should grant the motion *in limine* regarding plaintiff's expert Purswell and prohibit him from testifying that the knife will release with a certain grip and is therefore defective, prohibit him from identifying what type of grip he claims would cause the knife to release, and prohibit the plaintiff and his attorney from demonstrating what the expert failed to identify and support with reliable data, i.e., prevent them from demonstrating the knife might release with a certain grip.  Since Purswell failed to exclude other potential causes of Seavey's accident, his testimony should be excluded in its entirety.  A proposed order is attached.

DATED this 28th day of April, 2014, at Anchorage, Alaska.

                DELANEY WILES, INC.
                Attorney for Defendants

                s/Cynthia L. Ducey
                Cynthia L. Ducey
                1007 West 3rd Avenue, Suite 400
                Anchorage, AK  99501
                Phone:  (907)279-3581
                Fax:  (907)277-1331
                cld@delaneywiles.com
                Alaska Bar No. 8310161

Memorandum In Support Of Motion *In Limine* To Limit Or
Exclude Opinions By Plaintiff's Expert, J.P. Purswell    Page 15 of 16
*Seavey v. KAI USA Ltd., et al.*/Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 15 of 16

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April 2014, a copy of foregoing document was served via electronic service on:

William H. Ingaldson
Ingaldson Fitzgerald, P.C.
813 West 3rd Avenue
Anchorage, Alaska   99501


s/Cynthia L. Ducey
4846-4612-9690, v.  1

Memorandum In Support Of Motion *In Limine* To Limit Or Exclude Opinions By Plaintiff's Expert, J.P. Purswell            Page 16 of 16
*Seavey v. KAI USA Ltd., et al./*Case No. 4:12-cv-00001 (RRB)
Case 4:12-cv-00001-RRB   Document 67   Filed 04/28/14   Page 16 of 16